IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA

UNITED STATES OF AMERICA,   CRIMINAL ACTION

      vs.   No. 15-203

ANDRE SAUNDERS,

    Defendant.

---

Transcript of Sentencing Hearing held on May 23, 2016
United States District Court, Pittsburgh, Pennsylvania
BEFORE:  HONORABLE ARTHUR J. SCHWAB, DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For USA: | Conor Lamb, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>700 Grant Street<br>Pittsburgh, PA 15219 |
| For the Defendant: | Paul R. Gettleman, Esq.<br>2181 Armstrong Road<br>Portersville, PA 16051 |
| Court Reporter: | Karen M. Earley, RDR-CRR<br>6260 U.S. Courthouse<br>700 Grant Street<br>Pittsburgh, PA 15219<br>412-201-2660 |

Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2        (May 23, 2016, 9:35 a.m.  In open court.)
 3              THE COURT:  Good morning.
 4              This is the time and place that has been set
 5   for sentencing in Criminal No. 15-00203.
 6              Will counsel please enter your appearance for
 7   the record.
 8              MR. LAMB:  Good morning.  Conor Lamb for the
 9   United States.
10              THE COURT:  Welcome.
11              And on behalf of the defendant.
12              MR. GETTLEMAN:  Paul Gettleman for
13   Mr. Saunders.
14              THE COURT:  As always, good to see you.
15              MR. GETTLEMAN:  Thank you, sir.
16              THE COURT:  Sir, will you stand to be sworn,
17   please.
18              ANDRE SAUNDERS, Defendant herein, having been
19   first duly sworn, was examined as follows:
20              THE COURT:  Sir, do you understand having been
21   sworn, your answers to my questions are subject to the
22   penalties of perjury or making a false declaration if
23   you do not answer truthfully?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Pull the microphone closer to you
```

1   so you can be comfortable, please.
2           On February 1, 2016, pursuant to a plea
3   agreement, defendant entered a plea of guilty to Count 1
4   of a 270-count indictment charging defendant with
5   conspiracy with intent to distribute and distribute one
6   kilogram or more of heroin and five kilograms or more of
7   cocaine in violation of Title 21, United States Code,
8   Section 846.
9           Defendant acknowledged responsibility for the
10  conduct charged in Counts 2 through 270 of the
11  indictment and agreed that such conduct could be
12  considered by the United States Probation Office in
13  calculating the guideline range and imposing sentence by
14  the Court.
15          Following the guilty plea, the Court directed
16  the probation office to prepare a Presentence
17  Investigation Report and schedule a sentencing hearing
18  for today.
19          Court has received and reviewed the
20  Presentence Investigation Report and the addendum
21  thereto prepared by the probation office indicating
22  there were no objections by either party to the
23  Presentence Investigation Report.
24          Court has also reviewed the parties' joint
25  status report indicating there are no disputed issues

1  with respect to sentencing and that both parties agree
2  that a stipulated sentence set forth in the plea
3  agreement is sufficient but no greater than necessary to
4  achieve the purposes of Title 18, United States Code,
5  Section 3553(a).
6           Court has also reviewed the sentencing
7  recommendation prepared by the probation office.
8           Sir, on February 1st, 2016, you entered a plea
9  of guilty in this courtroom to Count 1 of a 270-count
10 indictment at Criminal No. 15-00203 charging you with
11 conspiracy to possess with intent to distribute and
12 distribute one kilogram or more of heroin and five
13 kilograms or more of cocaine, in violation of Title 21,
14 United States Code, Section 846, correct, sir?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Following your guilty plea, I
17 directed the probation office to prepare a Presentence
18 Investigation Report which you and your attorney have
19 received, correct?
20           THE DEFENDANT:  Yes.
21           THE COURT:  Correct, counsel?
22           MR. GETTLEMAN:  That's correct, Your Honor.
23           THE COURT:  As previously stated, I reviewed
24 the Presentence Investigation Report and the addendum
25 thereto and the sentencing recommendation of the

1  probation office.
2              Pursuant to the standing Order of the Board of
3  Judges of this district, the Court finds it is not
4  appropriate to disclose the recommendation of the
5  probation office to the parties, nor to counsel,
6  however, sir, in determining your sentence, the Court
7  will not consider any matter that has not previously
8  been disclosed to you or your attorney.
9              Counsel, have you received the Presentence
10 Investigation Report, addendum thereto, and discussed
11 them with your attorney?
12             MR. GETTLEMAN:  Yes.
13             THE COURT:  Are there any errors in the
14 Presentence Investigation Report or addendum that you
15 have not previously called to the Court's attention?
16             MR. GETTLEMAN:  None that I'm aware of.
17             THE COURT:  Sir, did you review the
18 Presentence Investigation Report, addendum thereto and
19 other matters and discussed them with your attorney?
20             THE DEFENDANT:  Yes.
21             THE COURT:  Counsel, is there any legal cause
22 why sentence should not be pronounced?
23             MR. GETTLEMAN:  No.
24             THE COURT:  Anything you would like to say at
25 this time or your client, this is the appropriate time

```
 1   to speak.
 2              MR. GETTLEMAN:  With the Court's permission, I
 3   have Mr. Saunders' grandmother here.  She would like to
 4   address the Court briefly.
 5              THE COURT:  Certainly.
 6              MR. GETTLEMAN:  Her grandson is going to
 7   accompany her up to the podium.
 8              THE COURT:  Certainly.
 9              Good morning, ma'am.  State your name, please.
10              THE WITNESS:  Betty Jo Saunders and I don't
11   hear very well, Your Honor.
12              I just stand here on behalf of my grandson and
13   I just want to thank the Court and all of the persons
14   involved for whatever kindness and mercy they have shown
15   and I just want to say to him, I want him to use this
16   time, if possible, to get an education so that he can
17   better his life.
18              Again, I say thank you to the Court for
19   letting me speak.
20              THE COURT:  Thank you.
21              MR. GETTLEMAN:  With the Court's permission,
22   Mr. Saunders would like to speak on his behalf.
23              THE COURT:  That's fine.  You can just sit
24   there and speak from your seat, please, and be
25   comfortable, please.
```

1              Yes, sir?
2              THE DEFENDANT:  I just want to apologize to my
3  family and the Court for what I did.  I made a mistake
4  and I regret doing so.
5              THE COURT:  Anything else, sir?
6              THE DEFENDANT:  That's it.
7              THE COURT:  Counsel?
8              MR. GETTLEMAN:  Briefly, with the Court's
9  permission.
10             THE COURT:  Certainly.
11             MR. GETTLEMAN:  What happened to Mr. Saunders,
12 what the Court alluded to in his opening remarks, there
13 was a plea arrangement in this case, so there is really
14 not a whole lot I'm going to say that can change that
15 but there are a couple issues that are tangential to
16 that that I would like to bring to the Court's
17 attention.
18             Within the body of the Presentence
19 Investigation Report, there was, I guess, a paragraph
20 for previous drug abuse.  Mr. Saunders had a long
21 history.  I believe he began when he was a young
22 teenager.
23             Generally, when you and I and everybody else
24 sees it starts out with marijuana and usual progresses
25 to either heroin and cocaine, because at the time people

1  never addressed issues until it smacks them in the face.
2           Mr. Saunders has really never received any
3  help for his problem.  It has been ongoing.
4           My understanding is he had one previous
5  conviction in both as an adult and as a juvenile, and,
6  therefore, he never had an opportunity to address his
7  problem.
8           We would ask that the Court consider a
9  recommendation to the RDAP 500-hour drug program.  Like
10 I suggested to the Court, it is documented in his
11 Presentence Investigation Report that there is an
12 extended history of drug abuse.
13          THE COURT:  Any objection on behalf of the
14 government?
15          MR. LAMB:  No objection to the recommendation,
16 Your Honor.
17          THE COURT:  I'll so order.
18          MR. GETTLEMAN:  The other recommendation that
19 I spoke to Mr. Lamb briefly about, you can see his
20 grandmother is an elderly woman.  He has young children
21 I think 1 and 3 and we would ask that based upon the
22 security level, that he be housed closest to his home in
23 Uniontown.
24          I understand that, of course, it's just a
25 recommendation, but we would ask the Court to make that

1  recommendation to the Bureau of Prisons so that at least
2  they know that the Court was able to consider that.
3              THE COURT:  Any objection?
4              MR. LAMB:  No, Your Honor.
5              THE COURT:  The Court will recommend and
6  request to the Bureau of Prisons to locate the defendant
7  as close to Pittsburgh as possible consistent with his
8  classification.
9              MR. GETTLEMAN:  Thank you, Judge.
10             Then finally, pursuant to the presentence
11 report that was provided to this Court, there is an
12 indication that Mr. Saunders is unable at this time to
13 pay any fines.
14             He forfeited probably close to -- well over
15 $500,000 to the government, so we would ask that you go
16 along with the recommendation of the Presentence
17 Investigation Report and impose no further monetary fine
18 on Mr. Saunders.
19             THE COURT:  Thank you.
20             MR. GETTLEMAN:  Thank you, Judge.
21             THE COURT:  Sir, are you satisfied with the
22 service and representation of your attorney?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Is there anything he has done that
25 you think he should not have done?

1                THE DEFENDANT:  No.
2                THE COURT:  Is there anything you asked him to
3    do that he hasn't done?
4                THE DEFENDANT:  No.
5                THE COURT:  On behalf of the government,
6    please?
7                MR. LAMB:  Nothing further, Your Honor.
8                THE COURT:  Pursuant to the Sentencing Reform
9    Act of 1984, it's the judgment of the Court that
10   defendant be sentenced to ten years imprisonment, which
11   is 120 months, the term of imprisonment should be
12   followed by five years of supervised release.
13               Court also imposes a mandatory special
14   assessment of $100 constituting a $200 special
15   assessment to each count defendant has pled guilty,
16   which shall be paid to the Clerk of Court forthwith.
17               Based upon the financial information contained
18   in the Presentence Investigation Report, the Court finds
19   the defendant does not have the ability to pay a fine
20   and, therefore, waives imposition of any fine.
21               Within 72 hours of release from the Bureau of
22   Prisons, the defendant should report in person to the
23   probation office in which the defendant is released to
24   be placed on supervised release.
25               While on supervised release, defendant shall

1  not commit another federal, state, or local crime, shall
2  comply with the standard conditions that have been
3  adopted by this Court, and shall comply with the
4  following additional conditions:
5          One, defendant shall not illegally possess a
6  controlled substance.  Supervised release must be
7  revoked for possession of a controlled substance.
8          Two, defendant shall not possess a firearm,
9  ammunition, destructive device, or other dangerous
10 weapon.  Supervised release must be revoked for
11 possession of firearm, ammunition, destructive device,
12 or other dangerous weapon.
13         Three, defendant shall participate in a
14 program of testing, and, if necessary, treatment for
15 substance abuse, said program approved by the probation
16 officer until such time as the defendant is released
17 from the program by the probation officer and/or the
18 Court.
19         Further, the defendant shall be required to
20 contribute to the cost of these services for any such
21 treatment in an amount determined by the probation
22 officer but not to exceed the actual cost.
23         Defendant shall submit one drug urinalysis
24 within 15 days after being placed on supervision and at
25 least two periodic tests thereafter.

1          Four, defendant shall not purchase, possess,
2    and/or use any substance or device designed to alter in
3    any way or substitute defendant's urine specimen for
4    drug testing.
5          Five, defendant shall permit his person,
6    property, house, residence, vehicle, papers, business,
7    or place of employment to a search conducted by a United
8    States probation officer at a reasonable time and in a
9    reasonable manner based upon reasonable suspicion of
10   contraband or evidence of a violation of a condition of
11   supervised release.
12         Failure to submit to a search may be grounds
13   for revocation.  The defendant shall inform any other
14   residents that the premises may be subject to searches
15   pursuant to this condition.
16         Six, defendant shall cooperate in a collection
17   of DNA as directed by the probation officer.
18         It is also noted for the record that the
19   government's motion for forfeiture, which is granted,
20   and all title, rights, and interest of the defendant as
21   to the property outlined in the motion for criminal
22   forfeiture filed at Criminal No. 15-00023, Document
23   No. 35, and at the preliminary order, Document No. 37,
24   is to be forfeited.
25         Sir, the reason for your sentence is as

```
 1  follows:
 2              The Court considers a sentence of ten years
 3  imprisonment and five years supervised release and the
 4  forfeiture of the property set forth in the motion to be
 5  sufficient but no greater than necessary to comply with
 6  the goals of sentencing as set forth in United States
 7  Code, Title 18, Section 3553(a)(2), which are, first, to
 8  reflect the seriousness of the offense, promote respect
 9  for the law, and provide for just punishment.
10              Secondly, to afford adequate deterrence to
11  criminal conduct.
12              Third, to protect the public from further
13  crimes by this defendant.
14              And, finally, to provide defendant with needed
15  educational or vocational training, medical care, or
16  other correctional treatment in the most effective
17  manner.
18              Court has considered all the other sentencing
19  factors as set forth in Title 18, United States Code,
20  Section 3553(a) and as set forth in the Presentence
21  Investigation Report and addendum thereto.
22              Furthermore, the Court has considered the
23  following:
24              First, Court has considered the nature and
25  circumstances of the offense.
```

1               Between 2011 and 2012, defendant distributed
2    cocaine and heroin in the area of Uniontown,
3    Pennsylvania, shipping loads of multiple kilograms of
4    cocaine and heroin from California in hidden
5    compartments inside cars.
6               Defendant supplied multiple drug dealers in
7    the area and earned large profits.  He laundered more
8    than $350,000 by depositing money in small amounts in a
9    number of places.
10              For example, defendant used the proceeds of
11   his illegal drug activity to build his home and other
12   homes he hoped to sell by making deposits to an account
13   at 84 Lumber in amounts just under $10,000, which
14   demonstrated his knowledge of the federal reporting
15   requirements and intent to avoid them.
16              Defendant also laundered his drug proceeds by
17   using cash to buy postal money orders in amounts under
18   $3,000, which he used to pay for luxury cars and other
19   debts.
20              Defendant went to post offices in Fayette
21   County area to purchase multiple postal money orders at
22   a time in order to avoid the reporting requirements in
23   an attempt to conceal the source of the funds.
24              Secondly, Court has considered defendant's
25   criminal and family and social history.

Case 2:15-cr-00203-AJS   Document 56   Filed 09/06/16   Page 15 of 20

15

1           Defendant's criminal history includes juvenile
2  adjudications relating to drug possession, driving
3  violations, and disorderly conduct.  He has one prior
4  conviction as an adult for possession with intent to
5  distribute or sell cocaine at the age of 21.
6           Defendant was raised in a low-income family
7  and lived in housing projects with his parents and two
8  siblings.  Defendant's upbringing was loving, free from
9  abuse, drug and alcohol problems, and he continues to
10 have regular contact with his family.
11          Defendant reported, however, his life changed
12 during high school when he began using drugs and dropped
13 out of high school in the tenth grade and never pursued
14 a GED or other education.
15          Defendant has never been married but has a
16 long-term relationship with the mother of his two
17 youngest children, ages 1 and 3 years old.  He has three
18 other children, ages 17, 13, and 8 to three other
19 mothers.  Defendant's reports and maintains daily
20 contact with all of his children.
21          The Court has considered defendant's personal
22 characteristics.
23          Defendant reported daily marijuana use and
24 weekend cocaine use.  He received substance abuse
25 treatment while previously incarcerated in state prison

1 and while on parole in 2005.
2          Prior to his incarceration, defendant worked
3 as a self-employed contractor from 2012, building new
4 homes in Fayette County for which he earned between
5 $70,000 and $100,000 per house.  His only other reported
6 employment was as an inventory manager for Elite Motors
7 in Uniontown, Pennsylvania, where he earned
8 approximately $4,000 per month for periods between 2010
9 and 2012.
10         Court has also considered the kinds of
11 sentences available for this offense, the guideline
12 range under the advisory guidelines, and the applicable
13 policy statements adopted by the Sentencing Commission.
14         The ten-year imprisonment imposed is just one
15 month under the 121- to 151-month guideline range and is
16 consistent with the parties' Rule 11(c)(1)(C) plea
17 agreement.
18         The five-year supervised release imposed is
19 consistent with the guideline range and the plea
20 agreement.
21         Finally, the Court has considered the need to
22 avoid unwarranted sentencing disparities among
23 defendants with similar conduct who have been found
24 guilty of similar conduct.
25         I misread that.

1           The Court considered the need to avoid
2  unwarranted sentence disparities among defendants with
3  similar records who have been found guilty of similar
4  conduct.
5           That certainly is true in this case with this
6  particular sentence.
7           Does my statement of reasons adequately
8  address all the objections, concerns, and issues raised
9  on behalf of the government?
10          MR. LAMB:  Yes, Your Honor.
11          THE COURT:  Defendant?
12          MR. GETTLEMAN:  Yes.
13          THE COURT:  Are there any other sentencing
14 factors under Section 3553(a) that the Court has failed
15 to address?
16          MR. LAMB:  No, Your Honor.
17          MR. GETTLEMAN:  No.
18          THE COURT:  Sir, I'm going to speak about your
19 right to appeal now.
20          Except as otherwise waived in the plea
21 agreement, you have the right to appeal from the orders
22 of the Court, judgment of guilty, and/or from the
23 sentence imposed.
24          You have a right to have an attorney represent
25 you on appeal at no cost to you.  If you cannot afford

1  them, certified copies of the necessary records and
2  transcripts will be furnished at the expense of the
3  United States government.
4           If you appeal, the notice of appeal must be
5  filed within 14 days of today.  Otherwise, you will lose
6  your right to appeal.
7           In a few moments will you talk to your
8  attorney and tell me whether you wish the Clerk of Court
9  to immediately prepare and file a notice of appeal for
10 you or, on the other hand, if you decide to appeal, will
11 you use your current counsel.
12          Chat with your attorney, please, and tell me
13 if you wish to have the Clerk of Court file a notice of
14 appeal.
15          (Whereupon, the defendant and defense counsel
16 confer off the record.)
17          THE DEFENDANT:  No.
18          THE COURT:  If you change your mind, do you
19 understand you must file a notice of appeal within 14
20 days of today?
21          THE DEFENDANT:  Yes.
22          THE COURT:  You will use your current counsel
23 if you change your mind and decide to appeal?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Defendant is in custody and he

```
 1  will remain in custody.
 2              Any motion on behalf of the government?
 3              MR. LAMB:  Yes, Your Honor.
 4              The government moves to dismiss Counts 2
 5  through 270 of the indictment.
 6              THE COURT:  Any objection?
 7              MR. GETTLEMAN:  No objection.
 8              THE COURT:  Motion is granted.
 9              Anything else on behalf of the government?
10              MR. LAMB:  No, Your Honor.
11              THE COURT:  Defendant?
12              MR. GETTLEMAN:  No.
13              THE COURT:  I want to thank the family members
14  for being here today and especially his grandmother for
15  speaking.
16              Everyone should remain seated and the
17  defendant is remanded to the custody of the marshal
18  service for transportation to the Bureau of Prisons.
19              (Whereupon, the above hearing was concluded at
20  10:05 a.m.)
21                          - - -
22
23
24
25
```

I hereby certify by my original signature herein, that the foregoing is a correct transcript, to the best of my ability, from the record of proceedings in the above-entitled matter.

           S/ Karen M. Earley

            Karen M. Earley

            Certified Realtime Reporter