IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                        Criminal No. 15-0203
                                             ELECTRONICALLY FILED

   v.

ANDRE SAUNDERS,

       Defendant.

Memorandum Order on Defendant's Motion in Opposition to Government's Motion for Preliminary Order of Forfeiture of Substitute Asset (doc. 66)

Pending before this Court is Defendant's (Pro Se) Motion seeking for this Court to deny the Government's Motion for Preliminary Order of Forfeiture of Substitute Asset. Doc. 66. On October 13, 2017, this Court previously granted the Government's Motion for Preliminary Order of Forfeiture of Substitute Asset[1] (doc. 65) on the basis of the clear and unequivocal language of: (1) the guilty plea proceedings, wherein Defendant acknowledged his agreement to the Government's request of forfeiture as well as alternative substitute assets; (2) the sentencing of May 23, 2016, wherein the Court ordered a forfeiture money judgment against Defendant; and, (3) the attendant Judgment Order stating that Defendant pay a money judgment in the amount of $100,000.00. Doc. 46, Doc. 56, and Doc. 58. The Court will therefore construe Defendant's instant Motion as a Motion for Reconsideration, which the Court hereby DENIES as this Court

---

[1] According to Defendant, he entered into a Settlement Agreement with Massachusetts Mutual Life Insurance Company to cancel a Whole Life Insurance Policy and to refund the $8,553.80, for premiums paid. Defendant stated that this amount was deposited into his Inmate Trust Fund Account and when he attempted to send his wife $2,500.00 for the aid of her and their children, he was unable to do so because his account was frozen by the United States Attorney's Office.

committed no error of law, or of fact, nor has there been new evidence that necessitates reconsideration thereof. *Max's Seafood Café v. Quinteros,* 176 F.3d 669 (3d Cir. 1999)

More specifically, in Defendant's Pro Se Motion, he contends primarily that he was advised that payments on forfeiture were not required until his release from imprisonment; however, the Judgment Order, states: "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." Doc. 46 at 6.

For these reasons, Defendant's Motion for Reconsideration (doc. 66) is DENIED.

                                              s/Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc:       All Registered ECF Counsel and Parties