IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                      Criminal No. 15-203
                                                   ELECTRONICALLY FILED

     v.

ANDRE SAUNDERS,

       Defendant.

**MEMORANDUM ORDER DENYING DEFENDANT ANDRE SAUNDERS' PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISION (Doc. 113)**

Pending is Defendant Andre Saunders' *pro se* Motion for Early Termination of Supervision ("Defendant's Motion"). (Doc. 113).

By way of Defendant's Motion, Defendant seeks early termination of his 5-year term of supervised release (approximately 20 months early). (*Id*.).

The Government opposes Defendant's Motion, while acknowledging that the United States Probation Office ("USPO") does not object to Defendant's request for early termination. (Doc. 116).

**I.    BACKGROUND**

On May 24, 2016, pursuant to a Rule 11(c)(1)(C) plea agreement, which Defendant agreed was appropriate and this Court accepted, Defendant was sentenced to 120 months' imprisonment, to be followed by a 5-year term of supervised release, for Defendant having conspired to possess with intent to distribute and distribute 1 kilogram or more of heroin and 5

kilograms or more of cocaine, in violation of 21 U.S.C. § 846.[1] (Doc. 46). Defendant's sentence of 120 months' imprisonment was below the advisory sentencing guideline range of 121 to 151 months imprisonment applicable to Defendant for this conviction. (Doc. 41).

Defendant was released from BOP custody, and began serving his 5-year term of supervised release, on September 16, 2022.[2] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited December 29, 2025).

Defendant's pending Motion was filed on December 2, 2025. (Doc. 113).

The Government's Response was filed on December 22, 2025. (Doc. 116).

Defendant's Motion for Early Termination of Supervision, thus, has been fully briefed and is ripe for adjudication.

## II.     DISCUSSION

As recently explained by the district court in *United States v. Lee*, Crim. No. 02-93, 2025 WL 3282953 (W.D. Pa. Nov. 25, 2025) (J. Hardy):

> Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). In making this determination, the Sentencing Guidelines also instruct that a court must individually assess the need for ongoing supervision. *See* U.S.S.G.

---

[1] Pursuant to the Rule 11(c)(1)(C) plea agreement entered into by Defendant and the United States, Defendant pleaded guilty to the drug trafficking conspiracy charge, Count 1 of the Indictment filed against him, and also acknowledged his responsibility for the conduct charged in Counts 2 through 270 of the Indictment. (Doc. 58 at 3). Count 2 of the Indictment charged Defendant with Possession with Intent to Distribute 100 grams or More of Heroin, on May 5, 2015, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(i). (Doc. 1). Count 3 of the Indictment charged Defendant with Felon in Possession of a Firearm and Ammunition, on May 5, 2015, in violation of 18 U.S.C. § 922(g)(1). (*Id.*). Counts 4-270 of the Indictment charged Defendant with Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B). (*Id.*)

[2] According to Defendant, and not disputed by the Government, Defendant was released from incarceration under the CARES Act in November of 2021. (Doc. 113 at 7).

> § 5D1.4(b) (providing for the possibility of early termination of supervised release "after an individualized assessment of the need for ongoing supervision" if the court determines, "following consultation with the government and the probation officer," that such action "is warranted by the conduct of the defendant and in the interest of justice").

*Lee*, 2025 WL 3282953, at *1.

Having: (1) reviewed Defendant's Motion, and the Government's response in opposition thereto, including its representation that the USPO is not opposed to granting Defendant's Motion; (2) considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as required by 18 U.S.C. § 3583(e); and (3) made an individualized assessment of the need for ongoing supervision in Defendant's case as set forth in U.S.S.G. § 5D1.4(b), the Court finds that although Defendant's conduct while on supervised release thus far is commendable,[3] early termination of Defendant's 5-year term of supervised release (approximately 20 months early), is not warranted by the conduct of Defendant and in the interest of justice. Rather, there continues to be a need for ongoing supervision of Defendant.

In particular, there is the serious nature of Defendant's current offense. Over a period of more than four (4) years, from 2011 to 2015, Defendant was a large-scale drug trafficker in the Uniontown, Pennsylvania area, who supplied multiple drug dealers by regularly having loads of twenty (20) or more kilograms of cocaine, and multiple kilograms of heroin shipped to him from California. (Doc. 40 at ¶¶ 8-9). Notably, as a result of this illegal conduct, Defendant earned large profits, the source of which he concealed by laundering the illegally obtained funds. (*Id*. at ¶¶ 9-10). Additionally, on May 5, 2015, Defendant, a felon who was prohibited from possessing a firearm, had a firearm under the mattress in his bedroom. (*Id*. at ¶ 11). Defendant's engagement in such serious criminal conduct weighs against the early termination of Defendant's

---

[3] Defendant represents, and the Government does not dispute, that Defendant: (1) is employed as a driver at Cowboy Services, LLC after obtaining his CDL; (2) has not had any violations, incidents, or other action taken by the USPO; and (3) is helping to care for his two (2) minor children.

3

supervised release/in favor of the continuing supervision of Defendant as it supports the need to deter criminal conduct on Defendant's part and to ensure the safety of the community.

Further, and significantly, this was not Defendant's first drug trafficking offense. In 2004, Defendant had been convicted in state court of possession with intent to deliver or sell cocaine. (*Id*. at ¶ 29). Thus, that Defendant had previously spent time in prison for a drug trafficking offense did not deter Defendant from continuing his criminal drug activity. Defendant's criminal history, therefore, also weighs against the early termination of Defendant's supervised release/in favor of the continuing supervision of Defendant as it supports the need to deter criminal conduct on Defendant's part and to ensure the safety of the community.

Moreover, that Defendant was sentenced to the minimum amount of supervised release the Court could order (the mandatory statutory minimum term of five (5) years), as a result of the Court accepting a Rule 11(c)(1)(C) plea agreement, a term of supervised release which Defendant agreed was appropriate, also weighs against early termination of Defendant's supervised release/in favor of the continuing supervision of Defendant.

### III.    CONCLUSION

For all of the reasons set forth above, Defendant's Motion for Early Termination of Supervision (Doc. 113) is DENIED and Defendant shall complete the full 5-year term of supervised release originally ordered by this Court. *See U.S. v. Jackson*, Crim. No. 11-55, 2022 WL 2789870, at *4 (W.D. Pa. July 15, 2022) (concluding: "Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is required behavior while serving a term of supervised release. . . . The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.") (citations

omitted); *U.S. v. De Jesus*, Crim. No. 13-252, 2021 WL 396739, at *4 (W.D. Pa. Feb. 4, 2021) (denying motion for early termination of supervised release, where the defendant's conduct on supervised release was commendable because "considering the foregoing § 3553(a) analysis, especially the serious nature of his crime, the need to deter criminal conduct, and the variance in the term of imprisonment granted to him at the time of sentencing, the interests of justice are best served by him completing his term of supervised release.").

        SO ORDERED this 30th day of December, 2025.

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All Registered ECF Counsel of Record

       Andre Saunders
       140 Easy Street
       Uniontown, PA 15401-3127